UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br>LEO BLAS,<br>        Debtor. | Case No. 17-00411-GS<br>Chapter 7 |
| LEO BLAS,<br>        Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.(BANA), and CLEAR RECON CORP (CRC) aka Aldridge Pite,<br>        Defendants. | Adv. Case No. 22-90003 |

**ORDER DISMISSING ADVERSARY PROCEEDING FOR LACK OF JURSIDICTION**

The court has extensively detailed its concerns regarding jurisdiction to adjudicate defendant Bank of America, N.A.'s right to foreclose on its deed of trust against the debtor Leo Blas's residence. Mr. Blas has challenged BANA's right to foreclose for more than a decade in the state courts and within this bankruptcy. To date, the courts have uniformly rejected his challenges. This court denied Mr. Blas's objection to BANA's secured claim and terminated the stay to permit BANA to foreclose on its deed of trust. The chapter 7 trustee also settled all existing claims and defenses against BANA. The small recovery generated by that settlement paid administrative expenses of the chapter 7 bankruptcy and a small distribution to the Internal Revenue Service. No distribution was made to the few general, unsecured creditors that filed a claim. The court has previously entered Mr. Blas's discharge. The trustee filed his final report made the final distribution and filed his final account.

After the court terminated the automatic stay, BANA commenced a nonjudicial foreclosure against Mr. Blas's residence. Mr. Blas responded by filing this adversary proceeding on May 12, 2022. Mr. Blas sought to enjoin the foreclosure sale but also raised numerous issues previously rejected by this and the state courts. However, Mr. Blas did include a new claim challenging the timeliness of the foreclosure. The court originally denied the request for entry of a temporary restraining order. BANA moved to dismiss the adversary. One week before the scheduled foreclosure, the debtor refiled the motion for entry of an injunction. BANA opposed entry of any injunction. The debtor filed a new chapter 13 bankruptcy on August 15, 2022, prior to the court's entry of its order on the debtor's request for injunctive relief.

The parties agreed that the new chapter 13 filing stayed BANA's pending foreclosure, but the court nonetheless entered an order in the adversary confirming the stay of the foreclosure. That same order first raised the court's concern that because the residence remained property of the bankruptcy estate Mr. Blas did not have standing to bring any such claim. The court later explained that if the claim was not property of the bankruptcy estate, then bankruptcy subject matter jurisdiction was an issue because the resolution of the claim would not impact the bankruptcy estate.

The court heard BANA's motion to dismiss. The court dismissed all claims except the limitations claim. The court again raised the question of real party in interest and the subject matter jurisdiction and invited the chapter 7 trustee to address the question. BANA then filed its motion for summary judgment.

The trustee affirmed that the residence remained property of the estate though relief from stay had been entered to permit BANA to foreclose. The trustee, however, chose not to commit to

2

challenging the timeliness of the nonjudicial foreclosure within the adversary. Instead, he attempted to reserve the estate's rights.

Ultimately, the court advised the parties that the residence remained property of the estate and the trustee was the real party in interest to challenge the timeliness of BANA's current foreclosure. In its Order to Show Cause Why Adversary Proceeding Should Not Be Dismissed for Lack of Jurisdiction on Abandonment of Interest (Adv. ECF No. 72), the court stated that it would require the trustee to either substitute into the adversary as the real party in interest or abandon the residence. The court required the trustee to either substitute into the adversary as the real party in interest or to abandon the estate's interest in the residence and any associated claims related to the timeliness of the nonjudicial foreclosure. The trustee's motion to abandon was unopposed, and the court entered its order abandoning the property to Mr. Blas on February 15, 2023.

In its order, the court further advised that it intended to dismiss the adversary for lack of subject matter jurisdiction in the event the trustee sought to abandon the estate's interest in the residence, or, in the alternative, the court would abstain. The order also permitted Mr. Blas to file a supplemental brief to address the jurisdictional and abstention questions. Mr. Blas and BANA both filed supplemental briefing.

Mr. Blas has since filed a Revised Second Amended Complaint in Light of Trustee Unoposed [sic] Motion to Abandon Debtor's Property and BOA's Response to Why this Adversary Should not be Dismissed (ECF No. 79). Mr. Blas has not sought leave to file to what would be his third amended complaint. The Revised Second Amended Complaint retains the claim that BANA's foreclosure is untimely, while including claims for violation of federal due process, challenging payment of note, and lacking an attestation clause.

The court has previously explained that its subject matter jurisdiction is statutorily limited. *Battle Ground Plaza, LLC v. Ray (In re Ray),* 624 F.3d 1124, 1130 (9th Cir. 2010) (citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 307 (1995)). Under 28 U.S.C. §§ 157(b)(1) and 1334(b), bankruptcy courts have jurisdiction to hear actions that arise under or in bankruptcy cases or are related to a bankruptcy case. "The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction." *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1284 (9th Cir. 2013).

A claim "arises under" the Bankruptcy Code only "if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *In re Ray*, 624 F.3d at 1131. Mr. Blas's claim arises after this court terminated the automatic stay and by operation of Alaska law. It has nothing to do with the Bankruptcy Code and did not arise under it.

"A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *Id.* Again, the remaining challenge to BANA's foreclosure arose after the case was converted to chapter 7 and the stay was terminated. Any claims arose post-bankruptcy under Alaska law; they do not arise in the bankruptcy.

The Ninth Circuit has adopted the *Pacor* test to determine whether jurisdiction exists over a claim that is "related to" the bankruptcy. *Great W. Sav. v. Gordon (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984)). A claim is "related to" if it could "conceivably have any effect on the estate being administered in bankruptcy." *Id.* "An action is related to bankruptcy if the outcome could alter the debtor's rights,

liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

Ostensibly, the only claim not previously rejected or settled by the trustee is the challenge to the timeliness of BANA's current nonjudicial foreclosure. That claim seeks to litigate the enforceability of BANA's deed of trust after the court terminated the automatic stay to permit BANA to foreclose against property that is no longer property of the bankruptcy estate. The claim arose postpetition, and only after the court granted BANA relief from the automatic stay. Based on BANA's allowed secured claim, the trustee did not oppose relief from the stay to permit the secured creditor to foreclose. The residence, however, remained property of the estate. If the trustee had asserted that BANA was no longer able to enforce its deed of trust, bankruptcy jurisdiction would have existed because the claim could increase the bankruptcy estate. But while the trustee was the original real party in interest, he has now abandoned any interest in the residence and the claim. Thus, the residence and the timeliness claim now belong to Mr. Blas and any resolution cannot affect the bankruptcy estate.[1] *Keever v. Cash-2-Go of Kansas, Inc (In re Keever)*, 2020 WL 1286331, at *3 (Bankr. D. Kan. Mar. 13, 2020) ("Further, this case has been completely administered. Recovery by the Debtor against Defendant can have no effect of the bankruptcy proceeding. It is not a 'related to' proceeding, and the Court lacks subject matter jurisdiction."); *Harris v. HSBC Bank USA, N.A. (In re Harris)*, 450 B.R. 324, 329 (Bankr. D. Mass. 2011) ("As this case was filed and remained under Chapter 7, the identification of the true holder of the Note and Mortgage had no impact on the bankruptcy estate; there was no equity in the Property for the

---

[1] BANA has a timely filed secured claim against the chapter 7 bankruptcy estate. The estate has filed its final report and has not administered the residence that serves as BANA's collateral and scheduled no payment of the secured claim. BANA would not participate in any distribution by the estate. Moreover, the estate failed to pay the priority debt in full, so there is no distribution to general, unsecured creditors. In short, whatever happens between BANA and Mr. Blas, it will not affect the bankruptcy estate.

5

benefit of unsecured creditors and no dividend for unsecured creditors that might be diluted by a claim filed by the purported mortgagee."); *VonGrabe v. Mecs (In re VonGrabe)*, 332 B.R. 40, 43 (Bankr. M.D. Fla. 2005) ("Based on the *Pacor* test, the Court easily can conclude it is without jurisdiction to hear the claims raised in the instant adversary proceedings. Again, the trustee has filed a report of no distribution, a notice of abandonment, and the debtor's discharge has issued.")

In his supplemental briefing, Mr. Blas states that the case has been allowed to go on since May 2022. This is true, but irrelevant. When Mr. Blas filed the adversary proceeding, he lacked standing to challenge the foreclosure as untimely. The residence remained property of the bankruptcy estate and the trustee was the true party in interest. 11 U.S.C. § 541(a). The court afforded the trustee the opportunity to substitute into the adversary proceeding as the real party in interest to prosecute the claim on behalf of the estate. Subject matter jurisdiction existed to consider the estates challenge to BANA's right to foreclose as untimely. But the trustee declined to substitute as the real party in interest and abandoned the residence. There is no subject matter jurisdiction for this court to hear Mr. Blas's claims against BANA. Initially, the adversary was improper because Mr. Blas was the wrong party to bring it. The court offered the bankruptcy estate the opportunity to step into the case, it has declined. Based on the trustee's abandonment of the residence, Mr. Blas has become the proper party but the court lacks jurisdiction. The time it has taken to reach this point does not confer subject matter jurisdiction to hear Mr. Blas's individual claims.

Mr. Blas makes additional arguments concerning law of the case, and the effect of the relief from stay. Those arguments are without merit. The court denied dismissal of the untimeliness claim based on allegations in the complaint. The court was required in the context of the dismissal motion to take such allegations as true. This does not make them so for other purposes. The denial

of the motion to dismiss was not a substantive decision on the merits. The remainder of Mr. Blas's arguments are indecipherable as they relate to the court's jurisdiction. The trustee's abandonment of the residence and related claims did not restore the automatic stay which the court had terminated to permit BANA's foreclosure.

Finally, Mr. Blas argues that there are now federal questions to be decided. The court has already discussed its limited statutory jurisdiction. The matters pertaining to his residence are outside of this bankruptcy and will not affect the bankruptcy estate. As such, the court lacks subject matter jurisdiction under 28 U.S.C. 157(b)(1).

The court has also advised the parties that if bankruptcy subject matter jurisdiction did exist after the estate abandons its interests, it would abstain from hearing this case. Under 28 U.S.C. § 1334(c)(1) the court may abstain from hearing this matter in the interests of justice, comity with state courts, and respect for state law. In *Christensen v. Tucson Ests., Inc. (In re Tucson Ests., Inc.),* 912 F.2d 1162, 1167 (9th Cir. 1990)), the Ninth Circuit held that courts should generally consider the following factors when deciding whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*See also Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1075-76 (9th Cir. 1991); *Vitamins Online, Inc. v. Heartwise, Inc. (In re HeartWise, Inc.)*, 2022 WL 17178503, at *4 (B.A.P. 9th Cir. Nov. 23, 2022).

7

Mr. Blas has not responded to the abstention issue. Other than possibly item 4, the existence of a pending related matter, and item 11, the existence of a jury right, each and every factor strongly militates in favor of the state courts hearing any challenge that BANA's nonjudicial foreclosure is untimely. And while there is currently no pending state court action, the nonjudicial foreclosure is a related state law proceeding that should be adjudicated in the state courts. To the extent jurisdiction were to exist, the interests of justice, comity, and respect for state law weigh heavily in favor of permitting this matter to be heard and decided in state court. *See In re VonGrabe,* 332 B.R. at 44 ("to any degree this Court may, conceivably, retain any jurisdiction over the claims asserted in these adversary proceedings, pursuant to 28 U.S.C. Section 1334(c)(1), the Court finds it appropriate to abstain.")

For these reasons,

**IT IS ORDERED** that plaintiff Leo Blas's complaint is DISMISSED for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that alternatively, to the extent jurisdiction were to exist the court abstains from deciding any claims pursuant to 28 U.S.C. § 1334(c)(1).

DATED: March 1, 2023.

> BY THE COURT
>
>  /s/ Gary Spraker
> GARY SPRAKER
> United States Bankruptcy Judge

Serve:  Leo Blas (via email at leoblas@gmail.com)
        Stephen Rynerson, Esq.
        Austin Barron, Esq.
        Shannon Calt, Esq. (via email at scalt@aldridgepite.com)
        Josephine Piranio, Esq.
        Kenneth Battley, Trustee
        William Artus, Trustee